FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOE LENZIE TURNER,

    Petitioner - Appellant,

v.

RICHARD GRANT,

    Respondent - Appellee.

No. 21-6151
(D.C. No. 5:21-CV-00463-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Joe Lenzie Turner, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 and seeks leave to proceed in forma pauperis.[1]  We affirm the dismissal of his

petition and deny his motion to proceed in forma pauperis.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Turner is a federal prisoner proceeding under § 2241, a certificate of
appealability is not a prerequisite to his appeal.  *See McIntosh v. United States Parole
Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

# I

Turner was initially sentenced in federal court on November 22, 2005, to 63 months' imprisonment for distribution of five grams or more of cocaine base. *United States v. Turner*, Case No. 1:05-cr-00095-JAR (E.D. Mo.) ("*Turner I*"). On December 20, 2005, he was released on bond, erroneously, to Missouri officials. On June 8, 2006, a Missouri state court sentenced him to two consecutive five-year terms of imprisonment, to be served concurrently with his federal sentence. He was paroled on a federal detainer and returned to federal custody on February 20, 2007. Upon arrival at the federal facility, Turner was told his state and federal sentences were being served consecutively, so he wrote a letter dated August 4, 2007, seeking clarification of his sentence. On September 6, 2007, the Bureau of Prisons ("BOP") recalculated his sentence to reflect that his 63-month federal sentence in *Turner I* began on November 22, 2005, the date it was imposed. On May 7, 2008, the federal court reduced the *Turner I* sentence to 60 months' imprisonment pursuant to retroactive changes to the sentencing guidelines. Turner was released in 2009.

Turner was arrested again on August 31, 2011, while on supervised release in *Turner I*. He was charged with drug offenses and pleaded guilty on April 5, 2013, to conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride. *United States v. Turner*, Case No. 1:11-cr-00103-JAR (E.D. Mo.) ("*Turner II*"). On June 17, 2013, he was sentenced to 21 months' imprisonment for violation of his supervised release in *Turner I* and 240 months' imprisonment for the new offense in *Turner II*, with the sentences to run concurrently.

2

On May 6, 2021, Turner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting four grounds for relief. At bottom, he sought an update of his "computation summary" to show part of his sentence in *Turner I* was served concurrently with his prior state sentence.[2] In ground one, he argued the BOP failed to update his "computation summary" to reflect a recalculation of his sentence and failed to recommend to the sentencing court that it amend its judgment in *Turner I* to reflect the "legal effect" of that recalculation. In ground three, he asserted ground one constituted a due process violation. In grounds two and four, Turner argued that the BOP's denial of his application for a *nunc pro tunc* designation[3] extended his prison sentence and also caused various administrative detriments, such as a designation of a higher recidivism risk level.

A magistrate judge recommended that the district court dismiss Turner's petition for lack of jurisdiction. As to grounds one and three, the magistrate judge determined that Turner could litigate the legal challenges to his sentence through a habeas petition under 28 U.S.C. § 2255, and because § 2255 provided an avenue for relief, the court lacked jurisdiction under § 2241. As to grounds two and four, which

---

[2] We note here that although the BOP denied Turner's request for a *nunc pro tunc* designation, he received that benefit nonetheless as his federal sentence in *Turner I* ran uninterrupted while he was in state custody.

[3] Title 18 U.S.C. § 3621(b) permits the BOP to "designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable."

challenged the execution of his *Turner I* sentence, the court determined that it lacked jurisdiction to consider those claims because Turner was no longer in custody on a *Turner I* sentence. The sentence imposed after revocation of his supervised release had expired. Turner objected, but the district court accepted the magistrate judge's recommendation and dismissed the petition for lack of jurisdiction. Turner appealed and filed a motion for leave to proceed in forma pauperis.

## II

To prevail on a motion to proceed in forma pauperis, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We review a district court's dismissal of a habeas corpus petition under 28 U.S.C. § 2241 de novo. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Because Turner appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A § 2241 petition attacks the execution of a sentence. *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019). District courts only have jurisdiction to hear habeas petitions by petitioners who are "*in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). A federal prisoner generally may only challenge a conviction or sentence by filing a petition under § 2255 and may resort to a petition under § 2241 only if § 2255 would be "inadequate or ineffective to test the legality of

4

his detention." 28 U.S.C. § 2255(e); *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011).

## III

Here, even construed liberally, Turner has not raised a reasoned, nonfrivolous argument on appeal. Therefore, our analysis of both his motion to proceed in forma pauperis and the merits of his appeal follow the same path. We address each of Turner's arguments in turn.[4]

### A. First Issue

Turner first claims that "the petition should be read as a challenge to his present sentence to the extent that it has been enhanced by the allegedly invalid prior convictions." Aplt. Br. at 6. He claims that his petition was not construed liberally and, if it had been read properly, "Petitioner would satisfy the 'in custody' requirement" as to grounds two and four of his petition, which pertain to the denial by the BOP of a *nunc pro tunc* designation as to *Turner I. Id.*

Turner's argument is unpersuasive for two reasons. First, a habeas petitioner does not remain "in custody" after a sentence expires, even if that sentence is used to enhance a subsequent sentence. *See Maleng*, 490 U.S. at 492. Turner was not "in custody" as to *Turner I* when the district court dismissed grounds two and four for

---

[4] We also note that Turner makes novel arguments in his reply, such as an assertion that equitable tolling applies to his petition and arguments regarding the Administrative Procedures Act. Even assuming these arguments were properly before us, they are unpersuasive, and it is unclear how or why they are relevant to the issues on appeal.

5

lack of jurisdiction. Second, even construing this argument liberally, Turner has not explained how his prior sentences unlawfully extended his sentence in *Turner II*. We assume he believes that a *nunc pro tunc* designation in *Turner I* would somehow undermine the judgment in *Turner II*, but in *Turner II*, he received the applicable mandatory minimum for offenders with only one prior conviction for a serious drug conviction. *See* 21 U.S.C. § 841 (amended 2010). Moreover, he explicitly acknowledged that he was facing such a mandatory minimum in *Turner II*, and it was "due to the government's willingness to file only one of the defendant's prior convictions." *Turner II*, Doc. No. 1349 (Nov. 19, 2015). Accordingly, everyone including Turner agreed that his mandatory minimum sentence would be triggered by one, and only one, prior conviction. Whether his prior sentence on that conviction ran concurrently or consecutively with another conviction would not have affected his sentencing in *Turner II*.

## B. Second Issue

Turner next argues that the district court "erred in its ruling that it did not have jurisdiction." Aplt. Br. at 7. He asserts "there is a live justiciable question" regarding the recalculation of his sentence in *Turner I*. *Id.* But the district court did not address justiciability. Even assuming there is a justiciable question here, the district court was without jurisdiction because Turner is not in custody under *Turner I* and Turner has not established that § 2255 is inadequate to test his incarceration in *Turner II*. Accordingly, his justiciability arguments are not persuasive.

6

### C. Third Issue

Turner claims that the district court "failed to consider a statement by the court that imposed Turner I concerning the purpose for which the sentence was recalculated and accepted the Respondents explanation of the recalculation which is contrary to the record." *Id.* He fails to tell us what that statement was. The recalculation in *Turner I* appears to be due to retroactive application of amendments to the sentencing guidelines for crack-cocaine offenses. Alternatively, this argument could be construed as relating to the recalculation of Turner's time served after his sentences were determined to run concurrently. Regardless of the approach applied, neither would affect the sentence in *Turner II*, which is the only sentence he is currently serving.

### D. Fourth Issue

Turner asserts the district court stated it never received copies of his administrative grievances despite him sending copies. He believes the district court adopted the magistrate judge's recommendation without considering his administrative grievances. Turner submitted those grievances with his objections, and the district court explicitly considered Turner's objections before adopting the recommendation. Moreover, reviewing the grievances, we cannot see how they might show that Turner is entitled to relief.

### E. Fifth Issue

Turner asserts "[t]he District Court[']s] adoption of the Appeals Administrators claim that because Petitioner was always in federal custody the BOP did not review

his sentence for a nunc pro tunc designation and denied his appeal is inconsistent with the record.  In Turner I, Petitioner was released by the USM into the custody of the State of Missouri, without a writ." *Id.* at 9.  The magistrate judge noted not only that Turner was released on bond to Missouri officials, but also that the release on bond was in error.  Moreover, the time in state custody ran concurrently with Turner's federal sentence, so he spent no additional time in prison because of his state sentence or any erroneous release on bond.  Turner fails to establish how further consideration of his release on bond would support his arguments for relief.

### F.  Sixth Issue

Turner argues that a petition under 28 U.S.C. § 2255, which he previously filed, is inadequate because the record in such a petition does not reflect that he served his federal and state sentences concurrently.  He claims this petition must be granted to correct the underlying judgment in *Turner I*, presumably so that a future § 2255 petition could be successful.  This is unpersuasive for two reasons.  First, Turner does not explain, nor can we discern, why he would be unable to make the same general arguments in a § 2255 petition that he makes now.  He asks that the BOP be ordered to update his "computation summary" and that the BOP be ordered to recommend that the sentencing court in *Turner I* amend its judgment.  In his reply, Turner makes a conclusory statement that he is challenging the BOP's action rather than his sentence.  But his request for relief appears targeted at the amount of time he is required to serve under his present sentence in *Turner II*, and nothing in his

arguments indicate why § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Prost*, 636 F.3d at 580.

Second, the relief Turner seeks does not appear to pertain to the manner in which his sentence is executed.  Construing his brief liberally, Turner believes that the BOP was supposed to award him benefits like good-time credits, a lower security level designation, or certain privileges as if he had only one prior conviction.  *See Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting that § 2241 is the appropriate vehicle for challenging prison disciplinary matters such as deprivation of good-time credits).  No matter how liberally we construe his brief, however, we cannot discern what specific benefits Turner believes he lost or how an updated judgment or recalculation of his time would entitle him to those benefits.  Turner does not provide any basis in law or BOP policy that would require prison officials to provide those benefits to someone who has multiple prior convictions even though all were served concurrently.  Because Turner does not actually ask for these benefits or specify what they might be, he has not met his burden of showing why § 2255 is not the appropriate vehicle to obtain the amended judgment he appears to seek.

**IV**

For the foregoing reasons, we AFFIRM the district court's dismissal of Turner's petition and DENY his motion to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge